# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-18-00790-CV

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of the State of Texas, Appellants**

**v.**

**El Paso Electric Company, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY NO. D-1-GN-17-006837, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## DISSENTING OPINION

The Comptroller's jurisdictional issue requires us to apply Tax Code section 111.104(c)(2). That statute requires a taxpayer's refund claim filed with the Comptroller to "state fully and in detail each reason or ground on which the claim is founded." Tex. Tax Code § 111.104(c)(2); *see also id.* §§ 111.104(b) (discussing "tax refund claim[s] . . . filed with the comptroller"), 111.105 (discussing later-filed motions for rehearing). For at least 16 years, this Court has interpreted Section 111.104(c)(2) to require the refund claim to put the Comptroller "on notice of the legal bases for the[] claims." *See Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 778–80 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006); *accord Hegar v. Ryan, LLC*, No. 03-13-00400-CV, 2015 WL 3393917, at *10 (Tex. App.—Austin May 20, 2015, no pet.) (mem. op.). The Court's decision today upends that interpretation. I respectfully dissent in part.

Section 111.104(c)(2) is a jurisdictional prerequisite to a taxpayer's ability to sue for a refund. *See Combs v. Chevron, Inc.*, 319 S.W.3d 836, 844 (Tex. App.—Austin 2010, pet. denied). The statute addresses the taxpayer's refund claim, which is what begins the refund administrative process. *See* Tex. Tax Code §§ 111.104(c)(3) (setting deadline for filing of refund claim), 112.151(a)–(b) (permitting refund suit in district court only if taxpayer "filed a tax refund claim under Section 111.104"); *Local Neon Co. v. Strayhorn*, No. 03-04-00261-CV, 2005 WL 1412171, at *3 (Tex. App.—Austin June 16, 2005, no pet.) (mem. op.) ("In a tax *refund* suit, a taxpayer must file a refund claim with the Comptroller providing the grounds on which the claim is founded, file a motion for rehearing with the Comptroller after the refund claim is denied, and file a refund suit within 30 days after the denial of that motion for rehearing.").

What is sometimes called "the manufacturing exemption"—a shorthand moniker that appears nowhere in Tax Code section 151.318—exempts only a limited set of "certain otherwise-taxable tangible personal property that is used in the production process" of "certain types of tangible personal property for sale to ultimate consumers." *See Combs v. Home & Garden Party, Ltd.*, No. 03-09-00673-CV, 2010 WL 4367054, at *3 (Tex. App.—Austin Nov. 3, 2010, no pet.) (mem. op.) (citing *Sharp v. Tyler Pipe Indus., Inc.*, 919 S.W.2d 157, 159, 161 (Tex. App.—Austin 1996, writ denied)); *see also* Tex. Tax Code § 151.318(a)(1)–(11), (b)(1)–(3), (c)(1)–(5), (d), (e), (f), (n), (o), (p), (q), (q-1), (s)(1)–(3), (t)(1)–(2) (providing that certain types of tangible personal property are exempt and that others are not and defining terms to clarify which are exempt and which are not); Conf. Comm. Rep., Tex. H.B. 3211, 76th Leg., R.S. (1999) (stating that language added by this bill to Section 151.318(a)(4), including "telemetry units . . . related to the step-down transformers," "revise[s] and elaborate[s] on provisions relating to the sales and use tax exemption for various manufacturing and industrial processes"). Not every type of equipment

2

used in manufacturing is exempt. Not every kind of "meter" is exempt. Not even every kind of "telemetry unit" is exempt. *Cf.* Tex. Tax Code § 151.318(a)(4) (specifying only three kinds of telemetry units that are exempt: those related to (1) certain "instrument transformers," (2) certain "step-up transformers," or (3) certain "step-down transformers"). Only those types of equipment listed in the statute as exempt are exempt.

This statutory framework guides how we must view the legal basis of El Paso Electric's refund claim. Its legal basis is "telemetry units that are related to the step-down transformers" from Section 151.318(a)(4). If the legislature had deleted just that phrase from the statute, then El Paso Electric would be left without a legal basis for its refund claim in this suit. That phrase in the statute is thus the legal basis for its refund claim.

As a result, to put the Comptroller on notice of that legal basis, El Paso Electric's Statements of Grounds and supporting schedules needed to assert—not prove, just assert—that the customer meters, substation meters, and collars were telemetry units related to step-down transformers. *Cf. OGCI Training, Inc. v. Hegar*, No. 03-16-00704-CV, 2017 WL 4899015, at *5 (Tex. App.—Austin Oct. 27, 2017, no pet.) (mem. op.) (applying Tax Code section 112.051(b)'s "fully and in detail" requirement and saying of it, "A protest letter is sufficient under section 112.051 when it puts the Comptroller on notice of the legal basis for the taxpayer's claim, without requiring the protesting taxpayer to state all the evidence on which he relies to support that legal basis." (internal citations omitted) (citing *Ryan*, 2015 WL 3393917, at *10; *James v. Consolidated Steel Corp.*, 195 S.W.2d 955, 962 (Tex. App.—Austin 1946, writ ref'd n.r.e.))). This they did not do. The Court's decision to the contrary relies on three features of the Statements of Grounds and supporting schedules to conclude that El Paso Electric stated "fully and in detail each reason or ground on which [its] claim [wa]s founded." *Cf.* Tex. Tax Code § 111.104(c)(2). None

3

of those three features, however, rises to the "fully and in detail" level required by Section 111.104(c)(2) or to the "put the Comptroller on notice of the legal basis of the refund claim" level required by this Court's interpretation of the statute.

First, the Court relies on the supporting schedules' references to many of the items at issue as "meters." But Section 151.318(a)(4) does not exempt "meters." In fact, a different statute altogether, Section 151.317(e), is the only portion of the Limited Sales, Excise, and Use Tax Act[1] to mention "meters." Also, the parties recognize that not all "meters" are telemetry units. For a meter to constitute a telemetry unit, the parties say, it must either telecommunicate measurements or measure and transmit measurements to another device. *See ante* at __ n.8. And at trial, El Paso Electric's witness confirmed that not all meters are telemetry units because, he testified, (1) El Paso Electric uses some meters that do not have telemetry capability and the company is still phasing out the non-telemetry meters and (2) telemetry capability involves "some sort of communication device integrated into the meter." In all then, asserting that a piece of equipment is a "meter" does not state fully and in detail that a taxpayer is seeking a refund for a telemetry unit that is related to a step-down transformer. Such an assertion raises nothing about any of the specific types of equipment listed in Section 151.318(a)(4) (or those listed in any other subsection of Section 151.318).

Second, the Court relies on El Paso Electric's notations of "mfg. equip.—100% exempt." That a piece of equipment is manufacturing equipment, without more, does not entitle it to a tax exemption. Section 151.318(a)(4) lists over four dozen categories of equipment, with none being simply "manufacturing" equipment. Further still, several other statutes within the

---

[1] *See* Tex. Tax Code §§ 151.001–.801.

4

Limited Sales, Excise, and Use Tax Act exempt types of "manufacturing" equipment, expressly using "manufacturing" or its variants. Section 151.310(c) exempts sales of items that are "manufactured by" qualifying religious, educational, or public-service organizations. Section 151.321 does the same for sales of items that are "manufactured by" qualifying student organizations. So too in Section 151.332(a) for items "manufactured . . . by a person 65 years old or older and that is sold at a qualified sale" held for "providing assistance to elderly persons." And Section 151.3565(a) and (b)(2)(A) exempt certain "emergency preparation items," which phrase is defined to include "storm protection device[s] manufactured, rated, and marketed specifically to prevent damage to a glazed or non-glazed opening during a storm." Thus, to assert that a piece of equipment is "manufacturing" equipment does not provide sufficient "detail," *see* Tex. Tax Code § 111.104(c)(2), to distinguish from among the exemptions in Section 151.318(a)(4) or these other statutes within the Act.

Finally, the Court relies on El Paso Electric's citations to and quotations of Section 151.318 in its Statements of Grounds and supporting schedules. El Paso Electric quoted not only all of Section 151.318(a)(4)'s list of over four dozen categories of exempted items but also nearby subsections (a)(1), (2), (5), (6), (7), (8), (9), (10), and (11) too. Mass quoting like this does not suffice to put the Comptroller on notice of the legal basis of a claim for telemetry units related to step-down transformers. Without specifying that telemetry units related to step-down transformers was the basis of the claim, the quotation of all of Subsection (a)(4) plus the other nine statutory subsections did not inform the Comptroller on what basis he must defend against the claim. *See Ryan*, 2015 WL 3393917, at *10–11; *Lexington Ins.*, 128 S.W.3d at 779–80. And that said, simply citing Section 151.318, even more so, does not provide the required fullness and detail because it does not put the Comptroller on notice of which of that statute's many types of exempt

5

equipment is at issue. *See* Tex. Tax Code § 111.104(c)(2); *Ryan*, 2015 WL 3393917, at \*10; *Lexington Ins.*, 128 S.W.3d at 779–80.**²**

Long ago, this Court interpreted another "fully and in detail" requirement within the tax statutes, and that interpretation highlights the Statements of Grounds and supporting schedules' deficiency. Current Tax Code section 112.051(b)'s predecessor required that certain taxpayer protests state "fully and in detail each and every ground or reason" for the protest. *See James*, 195 S.W.2d at 962 (quoting predecessor statute). This Court said that that statutory phrase existed "[t]o require the taxpayer to inform the collecting agency the grounds or reasons for such protest with sufficient clarity and detail for the agency to determine from its own records and the information furnished the merits and validity of the protest." *Id.* We have steadily reaffirmed this principle from *James*, including as recently as 2017. *See OGCI Training*, 2017 WL 4899015, at \*5 (explaining that *James* interpreted statute's "fully and in detail" requirement to "allow the Comptroller the first opportunity to determine the merits and validity of the taxpayer's protest" (citing *James*, 195 S.W.2d at 962)); *Lawrence Indus., Inc. v. Sharp*, 890 S.W.2d 886, 892 (Tex. App.—Austin 1994, writ denied) (similarly reaffirming principle from *James*); *Nu-Way Oil Co. v. Bullock*, 546 S.W.2d 336, 340 (Tex. App.—Austin 1976, no writ) (same). And we have said that the "fully and in detail" requirement, as interpreted by *James*, "does more than simply provide notice of a claim." *Local Neon*, 2005 WL 1412171, at \*5 (citing *James*, 195 S.W.2d at 962).

Here, by their silence about whether the equipment at issue were telemetry units related to step-down transformers, the Statements of Grounds and supporting schedules prevented

---

**²** The other considerations mentioned by the Court—for example, that El Paso Electric provided the dates, invoice numbers, and dollar amounts for many of the transactions for the pieces of equipment—say nothing about the legal basis of the claim.

the Comptroller from being able to determine the merits and validity of the refund claim. The Comptroller could not determine whether the claimed equipment were the right kinds of telemetry units, or telemetry units at all, because the Comptroller did not know that that is what he needed to determine. The Court's decision today therefore creates an odd split within our jurisprudence: "fully and in detail" under Section 111.104(c)(2) is now far less stringent than is "fully and in detail" under Section 112.051(b).

As a reasonableness check on the new path forged by the Court today, suppose that a taxpayer seeking a refund launches the process with a refund claim that lists the brand names of certain pieces of equipment (as El Paso Electric did here, among the other information already addressed). Suppose also that the taxpayer then simply attaches to its equipment list a print-out of the entire Tax Code. Every possible tax exemption grounded in the Code is thereby quoted in the taxpayer's refund claim. Today's opinion by the Court would condone such an approach—the taxpayer has named its equipment and quoted the exemptions that it will rely on. But such an approach would not put the Comptroller on notice of the legal basis or bases of the refund claim. *See Ryan*, 2015 WL 3393917, at *10; *Lexington Ins.*, 128 S.W.3d at 779–80. This approach instead obscures the legal bases of the claim, burying them among other, irrelevant legal bases. The Court's departure today from the requirement to put the Comptroller on notice is thus unworkable and, worse, judicially neuters the legislature's jurisdictional requirement in Section 111.104(c)(2).

7

For these reasons, I would deny en banc reconsideration.  I respectfully dissent in part from the Court's opinion and judgment, would not reach the merits issue in the appeal, and would instead dismiss El Paso Electric's suit for want of jurisdiction.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Goodwin, Baker, Triana, Kelly, and Smith

Filed:   March 5, 2021